ROCKY D. BREWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brewer v. Commissioner
Docket No. 18881-92
United States Tax Court
T.C. Memo 1994-117; 1994 Tax Ct. Memo LEXIS 118; 67 T.C.M. (CCH) 2448; March 23, 1994, Filed *118 Decision will be entered for respondent. Rocky D. Brewer, pro se. For respondent: William W. Kiessling. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the year 1989 in the amount of $ 662. A concession having been made by petitioner, the sole issue remaining for decision is whether, under 162(a), petitioner is entitled to deduct automobile expenses incurred in traveling between his residence and his place of employment each working day. Some of the facts have been stipulated. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Hendersonville, Tennessee, on the date the petition was filed in *119 this case. Petitioner is a truck driver and a member of the Teamster's Union. During the year in issue, petitioner generally procured work through the union hall, Teamster Local #327. Beginning in September of 1986 and continuing until April of 1990, Teamster Local #327 was successful in finding petitioner employment hauling materials for contractors building the General Motors' Saturn Plant in Spring Hill, Tennessee. During the time petitioner was not working on the Saturn plant, he was unemployed. The economy in Hendersonville was depressed, and petitioner stated that he was unsuccessful in locating work nearby. Petitioner was employed by construction companies at the Saturn plant at Spring Hill, Tennessee, approximately as follows: Company Start End Morrison-Knudsen
September 26, 1986
December 18, 1987
Zane Davis Enterprises
April 28, 1988
October 10, 1988
Zane Davis Enterprises
October 31, 1988
November 18, 1988
Zane Davis Enterprises
November 28, 1988
August 25, 1989
Jervis B. Webb, Co.
September, 1989
December, 1989
Jervis B. Webb, Co.
January, 1990
April, 1990 [1]
Spring Hill is located 68 miles *120 from Hendersonville, Tennessee. During the entire time petitioner worked in Spring Hill, he lived in Hendersonville. Each day he worked, he drove his car between Hendersonville and Spring Hill. Petitioner never spent the night at or near Spring Hill. Spring Hill is in a rural area, and there is insufficient housing available, or, apparently, a large enough labor force to support the number of workers needed to construct the plant. On petitioner's 1989 Federal income tax return, he deducted transportation expenses in the amount of $ 3,979 as ordinary and necessary business expenses under section 162. Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142; ; . Commuting expenses, regardless of the distance traveled, are simply personal, living, or family expenses and, therefore, are nondeductible under section 262. . As a general rule "home", *121 as used in section 162(a)(2), means the vicinity of the taxpayer's principal place of employment and not where his or her personal residence is located. . An exception is made, however, when a person accepts a temporary job away from his home. . Whether employment is temporary, rather than indefinite is essentially "a narrow question of fact." . No single element is determinative of the ultimate factual issue of temporariness, and there are no hard and fast rules, durational or otherwise. Each case turns on its own facts. . Employment which is temporary in the beginning may become indefinite due to changed circumstance, or simply by the passage of time. . A position that is substantial in duration is persuasive evidence that taxpayer's position was indefinite. . *122 Petitioner contends his employment during the year in issue was temporary. We disagree. Based on the limited factual record before us, we conclude that petitioner has not established that he is entitled to deduct expenses incurred in traveling between his residence and his place of employment. We conclude that petitioner's employment in Spring Hill was of indefinite duration. Petitioner contends that the lack of permanence in any of the jobs he received from the Union rendered his jobs "temporary". Lack of permanence does not in and of itself make a position temporary. . Rather, employment that lacks permanence merely means the employment may be "indefinite", not that it must be "temporary". . Petitioner has worked fairly continuously, albeit for different construction companies on different jobs, from 1986 to mid-1990 building the Saturn plant -- certainly a substantial duration of time. During the short times that petitioner was not working at Spring Hill on the Saturn plant, petitioner was unemployed. The brief *123 interruptions of unemployment of petitioner between job assignments are not enough to change what is essentially a single period of indefinite employment into separate periods of temporary employment. . Accordingly, the expense petitioner incurred in traveling to and from the Saturn plant are nondeductible commuting expenses. Based on the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Petitioner was unemployed the remainder of 1990.↩